**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**OLIVER COCHRAN,**

    **Plaintiff,**

**vs.**                                                         **CASE NO. 4:07CV425-SPM/AK**

**JIM MCDONOUGH, et al,**

    **Defendants.**

_____/

**O R D E R**

Plaintiff has filed this cause of action pursuant to 42 U.S.C. §1983 alleging deliberate indifference to his medical needs.  (Doc. 1).  As a preliminary matter, local court rules provide that no "civil action commenced by pro se litigants under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, or 1346, shall be considered by the court unless the appropriate forms have been properly completed and filed by the litigant."  N.D. Fla. Loc. R. 5.1(J)(2).  Plaintiff must, therefore, submit an "amended complaint," clearly designated as such, on court forms which will be provided to him by the Clerk of Court.

As for the merits of Plaintiff's claim, he is advised that deliberate indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm.  Farmer v. Brennan, 511 U.S. 1216, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994).  Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of

deliberate indifference.  *Id.*  Combining the standards from <u>Farmer</u> and <u>Estelle</u>, the Eleventh Circuit has recently clarified that, "[u]ltimately, there are four requirements to bringing an Eighth Amendment claim for the denial of medical care:  an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." <u>Taylor v. Adams</u>, 221 F.3d 1254, 1258 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001).  The Eleventh Circuit has recognized that "[g]rossly incompetent or inadequate care can constitute deliberate indifference . . . as can a doctor's decision to take an easier and less efficacious course of treatment."  <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989), *citing* <u>Rogers v. Evans</u>, 792 F.2d 1052, 1058 (11th Cir. 1986); <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999).

Medical malpractice does not constitute deliberate indifference.  <u>Estelle</u>, 429 U.S. at 106, 97 S. Ct. at 292.  "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991), *citing* <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989). Furthermore, Eighth Amendment claims are judged in light of "the evolving standards of decency that mark the progress of a maturing society," <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992), and consider whether a prisoner has been subjected to the "unnecessary and wanton infliction of pain."  <u>Estelle</u>, 429 U.S. at 103-104, 97 S. Ct. at 290-291.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs

**No. 4:07cv425-SPM/AK**

amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson, 503 U.S. at 9, 112 S. Ct. at 1000, *citing* Estelle, 429 U.S. at 103-104, 97 S. Ct. at 290-291; Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994).

Moreover, Plaintiff must demonstrate the involvement of each and every Defendant who is named in this case. Plaintiff must show that each Defendant was either personally involved in the alleged constitutional violations, or acted as the policy maker to create and enforce a policy that Plaintiff contends has caused the constitutional violations about which he complaints.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, if Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint. In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

**No. 4:07cv425-SPM/AK**

To amend the complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint.  An amended complaint completely replaces all previous complaints and they are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint containing an original signature with the Court and keep an identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the Court.  However, if Plaintiff is able to demonstrate exhaustion and adequately allege the involvement of each Defendant such that liability is proper, Plaintiff may provide sufficient service copies at the time he files the amended complaint to expedite these proceedings.

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court is directed to forward to Plaintiff two (2) § 1983 complaint forms.

2.  Plaintiff shall have until **February 6, 2008**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.  **Failure to comply with the order of this court may result in a recommendation of dismissal of this action.**

**DONE AND ORDERED** this   **22nd**   day of January, 2008.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

**No. 4:07cv425-SPM/AK**