**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**OLIVER COCHRAN,**

    **Plaintiff,**

**vs.**                                                                                                                       **CASE NO. 4:07CV425-SPM/AK**

**NORMA GILO, et al,**

    **Defendants.**

_____/

## O R D E R

Presently before the Court in the above entitled action is Plaintiff's Motion to Appoint Counsel (doc. 3) and his amended complaint. (Doc. 15).

Appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). Plaintiff is asserting claims of deliberate indifference to his medical needs. The Court is familiar with the law pertaining to this type of claim, and therefore, no legal research will be necessary to develop this claim. Plaintiff need only provide the facts and delete 3 defendants from a second amended complaint, as set forth below, and the complaint may be served. Thus, no counsel is necessary at this point in the proceedings and the motion (doc. 3) is **DENIED**.

Plaintiff has named the Florida Department of Corrections, the Secretary of FDOC, and the Warden, in his complaint. He should delete these defendants from a second amended pleading, if he chooses to file one, because he has named the *persons* whom he alleges denied him care, the department is not a person for purposes of proceeding with this lawsuit. Also, neither the Secretary nor the Warden were actively involved in the alleged denial of care according to the complaint. Plaintiff is suing them because they employ Defendants Gilo and Salvatore, but liability for damages cannot be imposed upon Defendant McNeil in his individual capacity merely because of his supervisory authority as Secretary of the Florida Department of Corrections. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Although personal participation is not specifically required for liability under § l983, there must be some causal connection between the defendant named and the injury allegedly sustained. Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). Supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993).

**No. 4:07cv425-SPM/AK**

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**No. 4:07cv425-SPM/AK**

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **March 31, 2008.**

3. **Failure of Plaintiff to respond to this order or will result in a recommendation to the District Judge that this action be dismissed.**

4. Plaintiff's Motion to Appoint counsel (doc. 3) is **DENIED**.

**DONE AND ORDERED** this __17th__ day of March, 2008.

                       *s/ A. KORNBLUM*
                       **ALLAN KORNBLUM**
                       **UNITED STATES MAGISTRATE JUDGE**

**No. 4:07cv425-SPM/AK**