# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

OLIVER COCHRAN,

    Plaintiff,

vs.                                                     CASE NO. 4:07CV425-SPM/AK

NORMA GILO, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Defendants have moved for sanctions for failure to disclose prior federal filings, and in the alternative to dismiss for failure to exhaust administrative remedies, (doc. 67), and Plaintiff has not responded.

Plaintiff filed this cause of action alleging deliberate indifference to his serious medical needs, specifically that Defendants Salvatore and Gilo changed his blood pressure medication to save costs resulting in an extreme drop in his blood pressure and loss of consciousness. (Doc. 36). Plaintiff speculates that the loss of oxygen to his brain "may have resulted in permanent damage." (Doc. 36, p. 6).

In response to the complaint form question regarding other lawsuits, Plaintiff identified one case filed in New Jersey. (Doc. 36, p. 3-4). Defendants have discovered by accessing PACER, the United States District Court national website, that Plaintiff did not list a number of prior cases. (Doc. 67, Exhibit C).

Defendants also move to dismiss this cause of action because Plaintiff did not exhaust administrative remedies. A review of their grievance records reveal that none of the grievances filed by Plaintiff concern his blood pressure medication and all were filed after this lawsuit was initiated. (Doc. 67, Exhibits 4-7).

Both grounds for dismissal are warranted.

A Court may impose sanctions upon a party who knowingly files a pleading containing false allegations, which includes dismissal. See Rule 11(c), Federal Rules of Civil Procedure, and Hood v. Tompkins, 197 Fed Appx. 818, 819 (11th Cir. 2006). As United States Magistrate Judge Miles Davis has recommended recently, dismissal is particularly warranted when prisoners are dishonest about their prior filings. See Paulcin v. McNeil, 2009 WL 2432684 (N.D. Fla. 2009).

Further, exhaustion is mandatory. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Sanctions (doc. 67) be **GRANTED**, and Plaintiff's second amended complaint (doc. 36) be **DISMISSED** as a sanction for making false responses on the complaint and for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e), and

**No. 4:07cv425-SPM/AK**

that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and constitutes a "strike" within the meaning of 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this **_6th_** day of January, 2010.

           *s/ A. KORNBLUM*
           **ALLAN KORNBLUM**
           **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:07cv425-SPM/AK**